**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

      v.

ALEXIS BEATLES,

      Defendant.

CASE NO.: 4:25-cr-14

**O R D E R**

This matter is before the Court on Defendant's Motion for New Trial.  (Doc. 80.)  The Government has responded in opposition to Defendant's Motion.  (Doc. 83.)  For the reasons more fully stated below, Defendant's Motion is **DENIED**.

On February 4, 2025, Defendant was charged by Indictment with one count of Interstate Communications with Threat to Injure Another, in violation of 18 U.S.C. § 875(c).  (Doc. 1.)  A Superseding Indictment was filed on August 6, 2025, charging Defendant with an additional count of Interstate Communications with Threat to Injure Another, in violation of 18 U.S.C. § 875(c).  (Doc. 50.)  The trial of this case began on August 26, 2025; and after two days of trial, Defendant was convicted by a jury on both Counts One and Two of the Indictment, (doc. 78).  During trial, Defendant made an oral motion for judgment of acquittal as to both counts which the Court denied at that time.  (Doc. 73.)  In the instant Motion, Defendant argues that the Court should grant his request for a new trial pursuant to Federal Rule of Criminal Procedure 29 because the Government presented unreliable witness testimony as to Count Two and said evidence preponderates heavily against the jury's verdict.  (Doc. 80.)  The Government, in its response to Defendant's Motion, submits the witness testimony was not only credible, but consistent with all the other evidence in the case. (Doc. 83.)

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (llth Cir. 1994).  In considering a motion for judgment of acquittal, the Court views the evidence in the light most favorable to the verdict.  United States v. Sellers, 871 F.2d 1019, 1021 (llth Cir. 1989).  Moreover, "the court must assume the truth of the Government's evidence."  United States v. Pate, No. CR118-008, 2019 WL 1244722, at *3 (S.D. Ga Mar. 18, 2019) (citing United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)).  The issue before the Court is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt."  Id. (citing United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)).  The verdict must stand "unless no trier of fact could have found guilt beyond a reasonable doubt."  United States v. Pinerio, 389 F.3d 1359, 1367 (11th Cir. 2004) (citation omitted).

The Government presented sufficient evidence for a reasonable jury to find Defendant guilty beyond a reasonable doubt as to Count Two.  The inculpatory evidence on this Count included testimony from William Korthals, which was consistent with other witness testimony provided during trial and corroborated by evidence from Defendant's own cell phone.  During trial, the Court had the benefit of observing Mr. Korthals testify on direct and cross examination and found him to be a credible witness.

"Under Federal Rule of Criminal Procedure 33(a), 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'" United States v. Pitts, No. CR4:19-12, 2019 WL 3408817, at *1 (S.D. Ga. July 26, 2019).  However, granting a defendant a new trial based on insufficiency of the Government's evidence is an extraordinary remedy that courts seldom employ. As the United States Court of Appeals for the Eleventh Circuit has explained:

> On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict.  It may weigh the

evidence and consider the credibility of the witnesses. United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980); United States v. Simms, 508 F. Supp. 1188, 1202 (W.D. La. 1980). If the court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Lincoln, 630 F.2d at 1319.

The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court. An appellate court may reverse only if it finds the decision to be a clear abuse of that discretion. Id.; United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). While the district court's discretion is quite broad, there are limits to it. The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. Simms, 508 F. Supp. at 1202. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Indelicato, 611 F.2d at 387; United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir. 1971) (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Criminal § 553, at 487). Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really "exceptional cases." Lincoln, 630 F.2d at 1319; Indelicato, 611 F.2d at 387; Simms, 508 F. Supp. at 1202.

United States v. Martinez, 763 F.2d 1297, 1312–13 (11th Cir. 1985). This case is by no means one of those "exceptional cases" where the evidence "preponderates heavily against the verdict." Quite to the contrary, as explained above, the jury heard sufficient evidence of Defendant's guilt as to the charges against him. Moreover, the Court sees no reason to vacate any judgment or grant a new trial. Accordingly, the Court **DENIES** Defendant's Motion for a New Trial, (doc. 80).

**SO ORDERED**, this 9th day of March, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA